**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICIO CHAMAT, | No. 09-55507 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01010-W-JMA |
| v. | |
| TIMOTHY GEITHNER, Secretary for the Department of Treasury, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted April 6, 2010[**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Mauricio Chamat was terminated during his probationary period of employment with the Internal Revenue Service (IRS). He brought this pro se action alleging discrimination based on his race, national origin and age. He also alleged his discharge violated the collective bargaining agreement (CBA). The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court granted summary judgment for the Government on the discrimination claims and dismissed the CBA claims. We affirm.

## DISCUSSION

As a threshold matter, we consider the Government's contention that Chamat appeals only the district court's dismissal of his CBA claims. Although Chamat's briefs are primarily devoted to that issue, he also reasserts his arguments that the IRS failed to issue a timely decision on his complaint and that he was harassed and terminated because of his race, national origin and age. Given Chamat's pro se status, we elect to review all of those arguments.

1.    Timeliness of the IRS's Decision

The IRS failed to complete its investigation of Chamat's complaint within the 180 days mandated by 29 C.F.R. § 1614.106(e)(2). Chamat argues as a consequence his discrimination claims should be deemed true and he should be reinstated with back pay. We disagree. The consequence of an untimely agency decision, is that "the complainant may request a hearing by submitting a written request for a hearing directly to the EEOC office." 29 C.F.R. § 1614.108(g). Chamat elected not to request an immediate hearing, but rather waited for the IRS's decision before filing his complaint with the EEOC.

2.    Discrimination Claims

Chamat did not submit sufficient evidence to carry his burden of establishing a triable issue of fact on his claims of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (establishing burden-shifting analysis). It is undisputed that Chamat did not achieve the testing standards for his position and that he failed three out of five of the critical job elements. There was no evidence that the Government terminated his employment on any basis other than his poor performance. Although Chamat points to some negative comments in his evaluations, none reflects animus toward his race, national origin or age. As the district court noted, Chamat offered no evidence to suggest he was terminated on account of an impermissible factor.

Chamat also claims he was subjected to a hostile work environment. To establish a triable issue of fact on that claim, Chamat was required to show (1) he was subjected to verbal or physical conduct because of his race, national origin or age; (2) the conduct was not welcomed; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. *See Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Chamat argues he met that burden with evidence of negative comments by supervisors that "made him feel inferior" and one incident when he

was told not to speak Spanish in the workplace. Again, we disagree. The negative comments related to Chamat's job performance rather than to his race, national origin or age. *See id.* at 1108–09. Moreover, the comments and the reprimand for speaking Spanish "were not sufficiently severe or pervasive to sustain a hostile-work-environment claim." *Id.* at 1109.

3.    CBA Claims

Chamat claims the treatment he received from his supervisors and his subsequent termination violated his rights under the CBA. Chamat did not, however, elect to pursue any CBA remedy. *See Saul v. United States*, 928 F.2d 829, 835 (9th Cir. 1991) (noting an aggrieved federal employee must elect between statutory remedies or the grievance procedures provided by a CBA, "but not both") (citing 5 U.S.C. § 7121(d)). Moreover, Chamat acknowledged in his amended complaint that his "claims are neither grievable nor arbitrable under the collective bargaining agreement" because he "had not yet completed his one year probationary period." Indeed, the CBA's provision governing discharge for unacceptable performance "applies only to bargaining unit employees who have completed their probationary or trial period." Thus, the district court correctly dismissed Chamat's CBA claims.

**AFFIRMED**.

-4-